IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. MONTEZ FREEMAN, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 14-1106 |
| vs. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| UNITED STATES DRUG ) | |
| ENFORCEMENT AGENCY, ) | Re: ECF No. 30 |
| Defendant. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Mr. Montez Freeman ("Plaintiff"), acting *pro se*, commenced this action pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), seeking return of forfeited assets. Presently before the Court is a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" filed by Defendant United States Drug Enforcement Agency ("DEA").[1] ECF No. 30.

For the following reasons, the Motion to Dismiss, ECF No. 30, is granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was stopped by federal agents on March 21, 2011, while driving with his girlfriend, Tanesha Williams. ECF No. 12-4 ¶ 6; ECF No. 31 at 2. A search of the residence that Ms. Williams shared with Plaintiff was also conducted that day. ECF No. 12-4 ¶ 13; ECF No. 31 at 2. When Defendant DEA's agents processed Plaintiff, they seized from him a 14-karat white gold and diamond earring and $940.00 in United States currency. ECF No. 12-4 ¶¶ 16, 19,

---

[1] The proper name for the defendant is the United States Drug Enforcement Administration.

20; ECF No. 31 at 2. Following the search of the Williams residence, federal agents seized a 10-karat white gold chain and a 10-karat white gold and diamond cross. ECF No. 12-4 ¶¶ 15, 21; ECF No. 31 at 2.

On July 15, 2011, Plaintiff was indicted on a federal charge of conspiracy to distribute heroin. ECF No. 31 at 3. On August 24, 2011, Plaintiff was taken into federal custody. Id. He was subsequently convicted. Id.

Defendant DEA instituted civil forfeiture proceedings against the above-described jewelry and currency and these items were ultimately forfeited.

Plaintiff filed his Complaint on October 30, 2014. ECF No. 12. Defendant DEA filed its Motion to Dismiss and brief in support thereof on May 14, 2015. ECF Nos. 30, 31. Plaintiff filed his Response to the Motion to Dismiss and brief in support thereof on June 16, 2015. ECF Nos. 34, 35. Defendant DEA filed a Reply on June 23, 2015. ECF No. 36. The Motion is now ripe for review.

## II. STANDARD OF REVIEW

### A. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court is mindful of Plaintiff's *pro se* status.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court

must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)).

The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Thus, without converting a motion to dismiss into a motion for summary judgment, a court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In this case, because that Plaintiff's claims are based upon notice-related documents submitted by Defendants, the Court can consider these documents in reviewing the Motion to Dismiss.

## III. DISCUSSION

### A. Overview

Plaintiff's action is based on the following provision of CAFRA:

> (e) Motion to set aside forfeiture.
>
>    (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>       (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice and
>       (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

Plaintiff claims that Defendant DEA did not provide him with sufficient notice of the forfeiture of the jewelry and the currency. In moving to dismiss Plaintiff's Complaint, Defendant DEA asserts both that it provided Plaintiff with reasonable notice and that Plaintiff knew or had reason to know of the seizure.

**B.    Notice (18 U.S.C. § 983(e)(1)(A))**

It is undisputed that the dictates of CAFRA include a notice requirement. 18 U.S.C. § 983(a). In a forfeiture proceeding such as the instant one, conducted pursuant to the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, written notice must be provided to any person with an interest in the property via certified mail and advertisement and publication on three successive weeks. 21 U.S.C. § 881(d); 19 U.S.C. § 1607(a).

Plaintiff alleges that Defendant DEA failed to provide sufficient notice because it failed to send such notice to Plaintiff at four addresses known to be his: the Allegheny County Jail, his mother's residence in Pittsburgh, Pennsylvania, Armfield Road in Richmond, Virginia, and Woodbine Street in Pittsburgh, Pennsylvania. ECF No. 12 at 20.[2]

Defendant DEA asserts that it provided Plaintiff with sufficient notice. Defendant DEA provides copies of notices sent via certified mail and published in the Wall Street Journal. ECF No. 31-4 at 11-29; ECF No. 31-5 at 1-16.

As to the white gold and diamond earring,[3] Defendant DEA sent two notices to Plaintiff via certified mail: one to the residence of Ms. Williams and one to an attorney, Bruce A. Carcia. ECF No. 31-4 at 11-14. These notices were signed for and accepted on May 16, 2011. Id. at 12, 14. Those addresses were used based on the belief that Plaintiff resided at Ms. Williams'

---

[2] The Court takes judicial notice that in a March 4, 2013, criminal proceeding before the Honorable Terrence F. McVerry of this Court, Plaintiff identified on the record to the Court Ms. Williams as his designee to whom the government should return any non-forfeited items belonging to Plaintiff. ECF No. 31-8 at 4-5.
[3] Certain documents that refer to this item as "earrings;" however, Plaintiff refers to one earring.

4

residence and the knowledge that he had contacted Attorney Carcia on the date of the seizure. ECF No. 31 at 4.  Additionally, notice was published in the Wall Street Journal on May 31, 2011, June 6, 2011, and June 13, 2011.  ECF No. 31-4 at 15-19.

As to the white gold chain and cross, Defendant DEA sent two notices to Plaintiff via certified mail: one to the residence of Ms. Williams and one to Attorney Carcia.  Id. at 21-23. These notices were signed for and accepted on May 16, 2011.  Id. at 22, 24.[4]  Additionally, notice was published in the Wall Street Journal on May 31, 2011, June 6, 2011, and June 13, 2011.  Id. at 15-19.

As to the $940.00 in United States currency, Defendant DEA sent two notices to Plaintiff via certified mail: one to the residence of Ms. Williams and one to Attorney Carcia.  ECF No. 31-5 at 7-10.  These notices were signed for and accepted on May 12, 2011.  Id. at 8, 10. Additionally, notice was published in the Wall Street Journal on May 23, 2011, May 31, 2011, and June 6, 2011.  Id. at 11-16.

Defendant DEA also asserts that, contrary to the allegations in Plaintiff's Complaint, Plaintiff was not incarcerated in the Allegheny County Jail during the relevant time period.  ECF No. 31 at 17.

### C. Knowledge (18 U.S.C. § 983(e)(1)(B))

Defendant DEA also asserts that Plaintiff's claim fails because he makes no allegations that he did not know or have reason to know of the seizure within sufficient time.  Indeed, Plaintiff's Complaint is devoid of such allegations.

---

[4] Defendant DEA also sent notices, signed for and accepted via certified mail, to Ms. Williams' residence to known residents Ms. Williams, Dorene Swanson and Nathaniel Swanson.  ECF No. 31-4 at 25-29 - ECF 31-5 at 1.  Notice of Ms. Williams' notice was also sent to Ms. Williams' attorney, Paul D. Boas.  ECF No. 31-5 at 2-5.

### D. Plaintiff's Response

In response to Defendant DEA's Motion to Dismiss, Plaintiff appears to abandon his claim concerning notice. ECF No. 35. He does not challenge or refute the documents or assertions of Defendant DEA. Instead, he claims that the items in question were illegally seized and should not have been subject to the forfeiture process. Id. This Court cannot reach the issue of illegal seizure in this action. Jeremy Williams v. DEA, 2015 WL 4747874, *1 (3d Cir. Aug. 12, 2015) (citing Mesa Valderrama v. United States, 417 F.3d 1189, 1996 (11th Cir. 2005)).

Plaintiff fails to allege any facts concerning his lack of knowledge of the seizure of the items in question. Further, Plaintiff fails to set forth a meaningful response to the Defendant DEA's Motion to Dismiss and the documents attached thereto even where those documents strike at the heart of the his notice-related complaints. Plaintiff has failed to advance a plausible CAFRA claim. Accordingly, the Motion to Dismiss is granted.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 30, is granted.

# **ORDER**

AND NOW, this 30th day of November, 2015, Defendant's Motion to Dismiss, ECF No. 30, is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, any appeal from this Order must be taken by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 30, 2015

cc: Montez Freeman
    07686-068
    USP Lee
    P.O. Box 305
    Jonesville, VA 24263

    All counsel of record via CM-ECF